IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MAYRA LÓPEZ APONTE**<br><br>Plaintiff<br><br>v.<br><br>**PUERTO RICO TELEPHONE CO.**<br><br>Defendant | **CIVIL No.** 13-1763<br><br>ERISA |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Defendant Puerto Rico Telephone Company (hereinafter "PRTC" or "Defendant") hereby files this Notice of Removal of the above described action to the United States District Court for the District of Puerto Rico from the Superior Court of Bayamon, Commonwealth of Puerto Rico, where the action is now pending, and states:

1. Mayra López Aponte (hereinafter "López" or "Plaintiff") originally commenced this civil action on September 6, 2013, in the Puerto Rico Court of First Instance, Superior Part of Bayamón, where the case is captioned: Mayra López Aponte v. Puerto Rico Telephone Co., Civil No. DPE2013-07416. A true and correct copy of the original Complaint in Spanish, as well as its certified translation to English, is attached as **Exhibit 1**. Defendant PRTC was served with copy of the Complaint on September 9, 2013. A true and correct copy of the original Summons in Spanish, as well as its certified translation to English, is attached as **Exhibit 2**. See 28 U.S.C. § 1446(a).

2. Plaintiff alleges she was employed by Defendant from August 13, 1979 until September 10, 2010, when she was discharged. See **Exhibit 1**, ¶4. Plaintiff avers that upon her discharge she had accrued 26 days of vacation leave that have not been liquidated as established by state law. See **Exhibit 1**, ¶¶5-8. In addition, Plaintiff maintains Defendant is trying to penalize her with a reduction of 45% of the Lump Sum, Retirement Plan, and Cash Balance benefits she is entitled to pursuant to the company's pension plan, because she was discharged on September 3, 2010. See **Exhibit 1**, ¶10. She requests full retirement benefits under the Retirement Plan, Lump Sum Benefits in the amount of $58,067.00, and Cash Balance Benefits in the amount of $3,295.00 to which she allegedly is entitled to from October 2009 until her discharge. See **Exhibit 1**, ¶12. Finally, Plaintiff alleges that because she has been denied settlement of accrued vacation leave as well as full benefits under the company's pension plan she has suffered severe and recurrent depression for which she requests compensatory damages in the amount of $100,000. See **Exhibit 1**, ¶14.

3. Relevant to this Notice of Removal are Plaintiff's requests for benefits under the company's pension plan which is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (ERISA). See **Exhibit 1**, ¶¶10-13, 17. Plaintiff's claim requesting benefits allegedly owed to her under the terms of the company's pension plan, fall directly within the scope of ERISA, and are thus completely preempted. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

4. ERISA contains a broadly worded provision preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan". ERISA § 514(a), 29

USC § 1144(a). Ordinarily, federal preemption is a federal defense to a state complaint that conflicts with the clear congressional intent to make the ERISA civil enforcement remedy exclusive. See Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 143-145 (1990).

5. ERISA § 502(a) sets forth a half dozen civil enforcement provisions. 29 U.S.C. § 1132(a). Under the first such provision, a participant of an ERISA-covered plan may bring a federal civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." See 29 U.S.C. § 1132(a)(1)(B). Similarly, under ERISA § 502(a)(3) a participant may bring action to "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." See 29 U.S.C. §1132(a)(3). The Supreme Court has recognized that claims that fall within ERISA's civil enforcement scheme included in ERISA § 502 are creatures of federal law and thus completely preempted. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987).

6. Plaintiff's Complaint clearly arises under ERISA § 502(a)(1)(B) as it specifically requests payment of benefits to which Plaintiff is allegedly entitled under PRTC's pension plan. Consequently, even though Plaintiff attempted to only raise state law claims, the request for remedy articulated is federal in nature. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. at 67 (A suit under section 502(a) of ERISA, though it purported to raise only state-law claims, is necessarily federal in character by virtue of the clearly-manifested intent of Congress and,

therefore, it arises under the laws of the United States); see also, Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 6-7 (1st Cir. 1999).

12. Under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), both the state courts and the federal courts have original subject matter jurisdiction to hear the cause of action that arises under §502(a)(1)(B) of ERISA. Concurrent jurisdiction under ERISA gives the plaintiff the initial choice of forum, but is subject to defendant's right to remove. McConnell v. Marine Engineers Beneficial Ass'n., 526 F. Supp. 770 (1981). However, within thirty days of receipt of proper service of the complaint and summons, defendants may remove an action from state court, provided they show some basis for federal jurisdiction. See Danca v. Private Health Care Systems, Inc., 185 F.3d at 4.

13. Defendant here claims federal question jurisdiction as the basis for removal inasmuch as Plaintiff's claim for the enforcement of rights under the company's pension plan are subject to ERISA. It is consequently undisputed that this Honorable Court has original jurisdiction over the present action, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(1) and Defendant is entitled to remove it to this Court, pursuant to 28 U.S.C. § 1441(a).

14. In addition to the ERISA claim, Plaintiff's civil action also contains claims raised under Puerto Rico state laws, all of which relate to plaintiff's employment with PRTC, including a request for liquidation of accrued vacation leave and tort damages. Accordingly, this Honorable Court has supplemental jurisdiction over those two causes of action under 28 U.S.C. § 1367(a).

**WHEREFORE**, Defendant requests that this action proceed in this Court as an action properly removed to it.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of October, 2013.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by certified mail to Atty. Luis E. Mártir Lugo, Ave. Aguas Buenas, Bloque 16 #25, Urb. Santa Rosa, Bayamón, P.R.  00659-6631.

**USERA, FIGUEROA & GINER**
PO Box 9022487
San Juan, Puerto Rico 00902-2487
Telephone: (787) 725-8080
Telefax: (787) 723-8860

**S/ GREGORY T. USERA**
**GREGORY T. USERA**
USDC-PR No.129205
gregory.usera@ufglaw.com

**S/ AMARILIS DE SOTO-CORDERO**
**AMARILIS DE SOTO-CORDERO**
USDC-PR No. 224701
amarilis.desoto@ufglaw.com